**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | |
|---|---|
| **Edward C. Hugler, Acting Secretary of Labor** United States Department of Labor (Wage and Hour Division)   Plaintiff,   v.   **Superior Steam Cleaning and Sandblasting, a corporation, and Douglas Humphrey, individually;**   Defendants. | Civil Action No. 5:17-cv-01420 |

## COMPLAINT

Plaintiff Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor, through his undersigned counsel, brings this action to enjoin Defendants, Superior Steam Cleaning and Sandblasting and Douglas Humphrey hereinafter "the Defendants"), from violating the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the former or current employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees. [1]

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

---

[1] Edward C. Hugler is acting Secretary of Labor as of the date of this pleading. *See* Federal Rule of Civil Procedure 25(d).

II.

Defendant Superior Steam Cleaning and Sandblasting is, and at all times mentioned hereinafter was, a steam cleaning and sandblasting services company incorporated in West Virginia with its principal place of business at 260 Mindora Avenue, Beckley, West Virginia, 25801, which is in the jurisdiction of this court.

III.

Defendant Douglas Humphrey is, and at all times mentioned hereinafter was, President and Owner of Superior Steam Cleaning and Sandblasting. He does business in Beckley, West Virginia, with a mailing address of Post Office Box 311, Bradley, West Virginia 25818, which is within the jurisdiction of this court.

IV.

The business activities of the Defendants, as described herein, were and are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

V.

At all times hereinafter mentioned, Defendants had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person that has travelled across state lines and had an annual gross volume of sales made or business done of not less than $500,000.00. Therefore, Defendants' employees have been and are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## VI.

1.  During the period from November 4, 2012 through October 25, 2015 (the time period covered by this Complaint), Defendants employed individuals to work as steam cleaners, sandblasters and concrete finishers. These employees are listed in the attached "Schedule A."

2.  During the period from November 4, 2012 through October 25, 2015, Defendants paid the employees listed in "Schedule A" straight time for hours worked over forty hours, and knowingly failed to compensate these employees in accordance with Section 7 of the Act.

## VII.

As described in Paragraph V, above, during the period November 4, 2012 through October 25, 2015, the Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing the employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the Act, for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were and are employed.

## VIII.

During the period from November 4, 2012 through October 25, 2015, Defendants continually violated the provisions of the Act as alleged in Paragraphs V through VI above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

IX.

As a result of the violations alleged in Paragraphs V through VIII above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Section 7 of the Act for the Employees named in Schedule A attached to Plaintiff's Complaint.

X.

A judgment granting recovery of said amounts referred to in Paragraph IX, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 7 and 15(a)(2) of the Act;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Schedule A. Additional amounts of back wages and liquidated damages may also be owed to certain present and former employees of Defendants denoted on the attached Schedule A for violations continuing after October 25, 2015, and may be owed for persons presently unknown to Plaintiff for the period covered by this Complaint;

3. In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and

Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of overpayment compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4. For an Order granting such other and further relief as may be necessary and appropriate.

| Mailing Address: | Respectfully submitted, |
|---|---|
| Douglas N. White<br>Associate Regional Solicitor<br>U.S. Department of Labor<br>201 12th Street South<br>Suite 500<br>Arlington, VA 22202-5450<br>(202) 693-9393<br>Fax: (202) 693-9392<br>Barefield.Karen@dol.gov<br><br>Date: March 1, 2017 | Katherine E. Bissell<br>Deputy Solicitor for Regional Enforcement<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>Douglas N. White<br>Associate Regional Solicitor<br><br>Samantha Thomas<br>Regional Counsel<br><br>  /s/ Karen M. Barefield<br>Karen M. Barefield<br>U.S. DEPARTMENT OF LABOR |

/s/Gary L. Call
Gary L. Call
Assistant U.S. Attorney
WV State Bar No. 589
United States Attorney's Office
Southern District of West Virginia
P.O. Box 1713
Charleston, West Virginia 25326-1713
Tel. (304) 345-2200
Fax. (304) 347-5440
Gary.Call@usdoj.gov

**Schedule A**

1. Shawn Abner
2. Curtis Baber
3. Greg Bailey
4. Lava Bailey
5. Robert Bland
6. George Bocock
7. William Bradshaw
8. Tommy Brock
9. Melvin Brooks
10. Don Byers
11. Terry Canterbury
12. Dennis Cantley
13. George Carper
14. Donald Carter
15. James Cline
16. Robert Clinebell
17. Jeff Collins
18. James Compton
19. Cory Cox
20. Jim Davis
21. Allen Dawson
22. Michael Echeverri
23. Brent Edwards
24. Jacob Edwards
25. Trevin Elam
26. Charles Evans
27. Justin Fernett
28. Earnest Gardener
29. Frederick Gill
30. Matthew Goins
31. Daniel Hanna
32. Curtis Henry
33. Stephen Hitchcock
34. Jesus Horosco
35. Kenneth Horton
36. Otis Horton
37. Michael Humphrey
38. Charles Johnson
39. Jeremy Justice
40. Eric Kinser
41. Jason Kinser
42. Jay Lail
43. Adam Lester
44. John Lester

45. Josh Lester
46. Edaurdo Martinez
47. Jeff Massey
48. Melvin Mickey
49. Harold Morrison
50. Tony Morrison
51. Michael Morton
52. Danny Moss
53. Michael Mutafis
54. Zach Phillips
55. John Pierce
56. Gregory Price
57. Edgar Rayes
58. James S. Reed
59. Hermenegildo Robles
60. Kainan Sevy
61. Brian Shannon
62. Timmy Smith
63. Charles Spence
64. Patrick Stone
65. Richard Tanner
66. James Thurman
67. Danny Treadway
68. Kevin Walton
69. Ralph Ward
70. Doug Whitt